John P. BEVINGTON, Plaintiff–Appellant,

v.

OHIO UNIVERSITY, et al., Defendants–Appellees.

No. 03–4031.

United States Court of Appeals, Sixth Circuit.

March 18, 2004.

Before COLE and GILMAN, Circuit Judges; and SCHWARZER, District Judge.[*]

*ORDER*

John P. Bevington, proceeding pro se, appeals a district court judgment dismissing his disability discrimination action filed pursuant to the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C.

[*] The Honorable William W Schwarzer, United States District Judge for the Northern District

§ 1232g; the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131–189; and the Rehabilitation Act (RA), 29 U.S.C. §§ 701–7961. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On September 19, 2002, Bevington filed a complaint against Ohio University, and the following Ohio University officials: President Robert Glidden, Associate Professors James Andrews and Steve Hays, Department of Classics Chairperson William Owens, and Disability Services Employee Kathy Fahey. Bevington alleged that the defendants discriminated against him because he is disabled, having been diagnosed with the learning disability of attention deficit hyperactivity disorder.

Bevington alleged that he is an Ohio University student majoring in physics and mechanical engineering. According to Bevington, he is obligated to fulfill certain foreign language requirements in order to obtain a physics degree. Bevington alleged that he enrolled in Beginning Latin 111 and 112, and that Andrews and Hays were the instructors for those classes. According to Bevington, both Andrews and Hays were informed of his disability and were provided a "letter of accommodations." However, Bevington alleged that Hays refused to accept his disability and discriminated against him on account of it by changing "the class assignments [*sic*] and syllabus to reflect a higher advanced level of Latin," by "changing the final exam for Latin 112 to include chapters 15 thru 28 instead of chapters 19 thru 28 as outlined on the Latin 112 and 113 sylla-

of California, sitting by designation.

bus," and by administering a three-hour final examination instead of a two-hour final examination. Bevington also alleged that he received a "D–" for Latin 112 and that Hays informed him that he "would not pass Latin 113" before he took that class. Bevington alleged that he subsequently failed Latin 113 and, as a result, he was unable to complete his foreign language requirement in order to obtain a physics degree. As relief, Bevington sought an "A" for Latin 111, 112, and 113, $100,000 from each defendant, and "reimbursement for any and all expenses incurred due to not graduating."

The defendants filed a motion to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(6), to which Bevington responded. The district court granted the defendants' motion and dismissed the case. Bevington has filed a timely appeal.

We review de novo the district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *James v. Meow Media, Inc.*, 300 F.3d 683, 689 (6th Cir.2002), *cert. denied*, 537 U.S. 1159, 123 S.Ct. 967, 154 L.Ed.2d 893 (2003); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). When considering a Fed. R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum*, 58 F.3d at 1109; *accord James*, 300 F.3d at 689.

■ Upon review, we conclude that the district court properly dismissed Bevington's complaint. Bevington's FERPA claim was properly dismissed because there is no private right of action under the FERPA. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 287, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002); *United States v. Mia-*

*mi Univ.*, 294 F.3d 797, 809 n. 11 (6th Cir.2002). Bevington's ADA claim asserted against Ohio University, which is based upon equal protection principles, was properly dismissed because it is barred by the Eleventh Amendment. *See Carten v. Kent State Univ.*, 282 F.3d 391, 394–95 (6th Cir.2002). In addition, Bevington may not maintain an action under the ADA against the individual defendants identified in his complaint. *See* 42 U.S.C. §§ 12131(1) and 12132.

■ Bevington's RA claim was properly dismissed because the complaint failed to allege a claim for relief under the RA. *See* 29 U.S.C. § 794; *Doherty v. S. Coll. of Optometry*, 862 F.2d 570, 573 (6th Cir. 1988). First, the complaint contained no allegations that Ohio University discriminated against Bevington in violation of the RA. Instead, Bevington's allegations were directed toward alleged actions taken by the individuals identified in his complaint. However, Bevington may not maintain an action under the RA against the individuals identified in his complaint because the RA does not impose liability upon individuals. 29 U.S.C. § 794(b); *Hiler v. Brown*, 177 F.3d 542, 547 (6th Cir.1999). Second, assuming that Bevington is handicapped within the meaning of the RA, that he is otherwise qualified for participation in Latin classes at Ohio University, and that Ohio University receives federal financial assistance, he did not allege or prove that he has been discriminated against solely because of his handicap. The alleged discriminatory actions were taken against all students enrolled in the Latin classes at issue, not just Bevington.

Bevington presented several additional arguments in his appellate brief. We have considered all of Bevington's arguments and conclude that they lack merit.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.